IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHAQUAWN VANDERGRIFT, * | |
| * | |
| Plaintiff, * | |
| * | |
| v. * | |
| * | CASE NO.:_____ |
| CHRISTOPHER ELDRIDGE; * | |
| AVERITT EXPRESS, INC., * | |
| * | |
| Defendants. * | |
| * | |

**DEFENDANT CHRISTOPHER ELDRIDGE'S NOTICE OF REMOVAL**

Defendant, Christopher Eldridge ("Eldridge"), by and through his undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby files this Notice of Removal of this civil action from the Circuit Court of Shelby County, Alabama to the United States District Court for the Northern District of Alabama, Southern Division. In support of this Notice of Removal, Eldridge states the following:

1.      Removal of this action is proper pursuant to 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), as more fully set forth below.

2.      The Complaint, a copy of which is attached hereto as Exhibit "A," alleges that on or about October 16, 2019, Eldridge operated Defendant Averitt Express's ("AE")[1] tractor-trailer in a "wrongful, negligent, and/or wanton" manner, allegedly causing injuries and damage to Plaintiff (Ex. A, ¶¶ 15 – 18). The complaint further alleges that AE negligently and/or wantonly

---

[1] AE has not yet been served with the Complaint. It is aware of the removal and will not oppose it, should AE be properly served and become a party to the Complaint.

entrusted the subject tractor-trailer to Eldridge, and that AE negligently and/or wantonly hired, trained, supervised, and/or retained Eldridge (Ex. A, ¶¶ 20 – 22, 24 – 27).

3. The action was commenced in the Circuit Court of Shelby County, Alabama on October 14, 2021, bearing the case number 58-CV-2021-900617.

4. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because Eldridge was served with the complaint on November 5, 2021 by certified mail. A copy of the return of service is attached hereto as Exhibit "B."

5. This action could have been brought originally in this Court pursuant to 28 U.S.C. § 1332 because it is a civil action between citizens of different states wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

6. Complete diversity between the parties exists because Plaintiff is an Alabama resident, Eldridge is a Florida resident, and AE's principal place of business is in Tennessee, making it a resident of that state (Ex. A, ¶¶ 1 – 3).

7. The citizenship of fictitious defendants 1 through 20 shall be disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1).

8. Although the Complaint does not request a specific amount of damages, removal is proper because "it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.,* 608 F. 3d 744, 752 (11th Cir. 2010).

9. This Court may use "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that the case is removable." *Roe v. Michelin North America, Inc.,* 613 F. 3d 1058, 1061 (11th Cir. 2010).

10. This Court also "must consider the request for and availability of punitive damages unless it is apparent to a legal certainty that such cannot be recovered." *Briggs v. Alejandro*, 21 WL 2139050 (N.D. Ala. 2021) (citing *Holley Equip. Co. v. Credit Alliance Corp.,* 821 F. 2d 1531, 1535 (11th Cir. 1987)).

11. The Complaint claims that as a result of Eldridge's alleged negligence and/or wantonness Plaintiff suffered:

a. injuries to his person, including but not limited to his left knee, for which he has required medical intervention including multiple surgeries;

b. physical pain and suffering, mental anguish, and emotional distress;

c. permanent injuries and scars;

d. damages in the nature of doctor, hospital, drug, and other medical expenses;

e. inability to pursue normal and usual activities;

f. lost wages;

g. future lost earning capacity; and

h. other injuries.

Ex. A, ¶ 13. This exhaustive list makes clear that Plaintiff seeks more than the minimum jurisdictional amount sufficient for this Court to decide the case.

12. In each count of the Complaint, Plaintiff's wherefore clauses also seek "punitive damages in an amount which will adequately reflect the enormity of Defendants' wrongful act(s) and which will effectively prevent other similar wrongful acts." Ex. A, pp. 6, 7, & 8.

13. Concurrent with the filing of this Notice of Removal, Eldridge has filed a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court of Shelby County,

Alabama. Eldridge has also given notice to Plaintiff by contemporaneously serving this Notice of Removal on Plaintiff's counsel.

14.     Based on the foregoing, Eldridge has met his burden of establishing that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) and that this action is one which may be removed to this Court pursuant to 28 U.S.C. § 1441, because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

WHEREFORE, Eldridge removes this action, currently pending in the Circuit Court of Shelby County, Alabama, to the United States District Court for the Northern District, Southern Division.

Respectfully submitted,

*/s/ Danielle E. Douglas*
Danielle E. Douglas
Todd D. Engelhardt
*Counsel for Defendant Eldridge*

**OF COUNSEL:**
Adams and Reese LLP
1901 6th Avenue North, Suite 3000
Birmingham, AL 35203
205-250-5000
205-250-5034 (facsimile)
danielle.douglas@arlaw.com
todd.engelhardt@arlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 6th day of December, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I mailed a copy of the foregoing document and notice of electronic filing by U.S. Mail and by email to Michael E. Eldridge, HOLLIS, WRIGHT, & CLAY, P.C., 2201 Morris Avenue, Birmingham, AL 35203, michaele@hollis-wright.com.

*/s/ Danielle E. Douglas*
OF COUNSEL