FILED
2021 Dec-06 PM 03:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A

DOCUMENT 4

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>58-CV-2021-900617.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA**
**SHAQUAWN VANDERGRIFT V. CHRISTOPHER ELDRIDGE ET AL**

NOTICE TO: CHRISTOPHER ELDRIDGE, 4329 BAHIA DRIVE, ZEPHYRHILLS, FL 33541

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), MICHAEL EDWARDS ELDRIDGE

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2201 Morris Avenue, BIRMINGHAM, AL 35203

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of SHAQUAWN VANDERGRIFT pursuant to the Alabama Rules of the Civil Procedure.   *[Name(s)]*

~~10/14/2021~~ 10/27/21           /s/ MARY HARRIS           By: _____
*(Date)*                           *(Signature of Clerk)*           *(Name)*

☑ Certified Mail is hereby requested.      /s/ MICHAEL EDWARDS ELDRIDGE
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____ .
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____ in _____ County, Alabama on _____ .

*(Name of Person Served)*        *(Name of County)*

*(Date)*

_____        _____        *(Address of Server)*
*(Type of Process Server)*        *(Server's Signature)*

                                 *(Server's Printed Name)*        *(Phone Number of Server)*

DOCUMENT 2


ELECTRONICALLY FILED
10/14/2021 4:50 PM
58-CV-2021-900617.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT OF SHELBY COUNTY ALABAMA

| | |
|---|---|
| SHAQUAWN VANDERGRIFT, an individual | ) ) ) ) ) |
| Plaintiff, | ) ) CIVIL ACTION NO. _____ ) |
| vs. | ) JURY TRIAL DEMANDED ) ) ) |
| CHRISTOPHER ELDRIDGE, an individual; AVERITT EXPRESS, INC. a corporation | ) ) ) ) ) |

**No. 1**, whether singular or plural, the driver of the commercial vehicle which caused the incident described in this Complaint and whose negligence caused the plaintiffs' injuries on the occasion made the basis of this suit; **No. 2**, whether singular or plural, the owner of the commercial vehicle which caused the incident described in this Complaint and on the occasion made the basis of this suit; **No. 3**, whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver or the owner of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 4**, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 5**, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; **No. 6**, whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; **No. 7**, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 8**, whether singular or plural, that entity or those entities for whom the driver of the commercial vehicle which caused the incident described in this Complaint was performing some type of service or employment duty at the time of this collision; **No. 9**, whether singular or plural, that entity or those entities who or which negligently entrusted the commercial vehicle(s) involved in the occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence; **No. 10**, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the incident made the basis of this lawsuit was being operated at the time of said occurrence; **No. 11**, whether singular or plural, that entity or those entities who or which was responsible for the condition or state of repair of the vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 12**, whether singular or plural, that entity or those entities, that individual or those individuals who or which repaired, altered, or maintained the vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 13**, whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any

attendant equipment used or available for use therewith; **No. 14**, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 15**, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit; **No. 16**, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiffs' injuries received on the occasion made the basis of this lawsuit (including, but not limited to, uninsured/underinsured motorist coverage); **No. 17**, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein; **No. 18**, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; **No. 19**, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; **No. 20**, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above. Plaintiffs aver that the identities of the fictitious parties defendant is otherwise unknown to plaintiffs at this time, or if their names are known to plaintiffs at this time their identities as proper parties defendant is not known to plaintiffs at this time, but their true names will be substituted by amendment when ascertained.

**Defendants.**    )
              )

---

## COMPLAINT

---

COMES NOW the Plaintiff, Shaquawn Vandergrift (hereinafter referred to as "Plaintiff"), who sues, and brings this action against the Defendants, Christopher Eldridge, (hereinafter referred to as "Defendant Eldridge") and Averitt Express, Inc. (hereinafter referred to as "Defendant Averitt"), (hereinafter collectively referred to as "the Defendants"), and alleges the claims set forth herein.

### STATEMENT OF THE PARTIES

1. Shaquawn Vandergrift is over the age of nineteen (19) years and of sound mind. At all times relevant hereto and currently, Plaintiff resides in St. Clair County, Alabama.

2. On information and belief, Defendant Eldridge is an individual over the age of nineteen (19) years, and upon information and belief, Defendant Eldridge currently resides in Pasco County, Florida.

3. Defendant Averitt is a corporation with its principal place of business in Putnam County, Tennessee.

4. Defendants Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19 and 20, whose more correct names and identities are unknown to the Plaintiff Squires, but who or which will be correctly named and identified when ascertained, are the respective individuals and/or entities who or which fit the descriptions above.

## FACTUAL BACKGROUND

5. On or about October 16, 2019, Defendant Eldridge was operating a tractor-trailer at the Spradling International, Inc's ("Spradling") facility located at 200 Cahaba Valley Parkway, Pelham, Alabama 35124.

6. On information and belief, Defendant Averitt, and/or one of more of the fictious party defendants listed and described above, was the owner of above-described tractor-trailer.

7. On information and belief, at the above-referenced time and place, Defendant Eldridge and/or one or more of the fictitious party defendants listed and described above, was operating the tractor-trailer on behalf of and/or in the line and scope of his employment and/or agency with Defendant Averitt and/or one of more of the fictious party defendants listed and described above.

8. At approximately the same time and location, Plaintiff was working as a general laborer at Spradling's facility. Specifically, Plaintiff's duties entailed assisting in the unloading of trailers that arrive at the unloading docks at Spradling's facility.

9. At the aforementioned time and location, Defendant Eldridge, and/or one or more of the fictitious party defendants described above, backed Defendant Averitt's tractor-trailer up to the docks at Spradling's facility for it to be unloaded.

10. On information and belief, after the laborers at Spradling's facility unloaded Defendant Averitt's trailer, Plaintiff was tasked with sweeping out Defendant Averitt's trailer prior to Defendant Eldridge, and/or one or more of the fictitious party defendants described above, departing from Spradling's facility.

11. On information and belief, while Plaintiff was sweeping out the back of Defendant Averitt's trailer, another Spradling laborer approached Defendant Eldridge, who was still in the cab of Defendant Averitt's tractor, about the necessary paperwork that needed to be completed following the trailer being unloaded. Instead of exiting Defendant Averitt's tractor to complete the remaining paperwork, Defendant Eldridge pulled Defendant Averitt's tractor-trailer away from the unloading dock while Plaintiff was still in the trailer.

12. When Defendant Eldridge pulled Defendant Averitt's tractor-trailer away from the unloading dock, it caused Plaintiff to fall from the rear of the trailer down to the ground below the unloading dock.

13. As a result of the above-described incident, Plaintiff was injured and damaged as follows:

   a. Plaintiff was caused to suffer injuries to his person, including, but not limited to, his left knee. These injuries required medical intervention, which included multiple surgeries, and caused Plaintiff to suffer great physical pain and suffering, mental anguish, and emotional distress.

   b. Plaintiff was caused to be permanently injured and scarred.

   c. Plaintiff was caused to expend large sums of money in the nature of doctor, hospital, drug, and other medical expenses, in and about to heal and cure his injuries.

    d. Plaintiff was caused to be unable to pursue many of his normal and usual activities.

    e. Plaintiff was caused to suffer lost wages.

    f. Plaintiff was caused to suffer future lost earning capacity.

    g. Plaintiff was otherwise injured or damaged.

## COUNT I
### Negligence and/or Wantonness

14. Plaintiff re-alleges and incorporates by reference the material allegations in the above paragraphs as if fully set out in this Count.

15. On or about October 16, 2019, Defendant Eldridge and/or one or more of the fictitious party defendants listed and described in the caption above had a duty and/or responsibility to operate a Defendant Averitt's tractor-trailer safely and/or reasonably to prevent harm to others.

16. On or about October 16, 2019, Defendant Eldridge and/or one or more of the fictitious party defendants listed and described in the caption above breached said duty and/or responsibility in that he/they operated the tractor-trailer negligently and/or wantonly by pulling away from the unloading dock prior to confirming it was safe to do so.

17. At the aforesaid time and place, Defendant Eldridge and/or one or more of the fictitious party defendants listed and described in the caption above was engaged in the regular course and scope of his/their employment with Defendant Averitt and/or one or more of the fictitious party defendants listed and described in the caption above. Accordingly, Defendant Averitt and/or one or more of the fictitious party defendants listed and described in the caption above is/are vicariously liable for the wrongful, negligent, and/or wanton conduct of Defendant

Eldridge and/or one or more of the fictitious party defendants listed and described in the caption above.

18. The aforesaid negligent and/or wanton conduct of each of the above-described defendants, including one or more of the fictitious party defendants listed and described in the caption above, combined and concurred, and as a proximate consequence thereof caused the Plaintiff's injuries and damages described herein.

WHEREFORE, the Plaintiff demands judgment against each Defendant, jointly and severally, including the fictitious party defendants, in a sum in excess of the jurisdictional limits of this court, to be determined by the jury, which will fairly and adequately compensate the Plaintiff for the injuries and damages sustained, together with interest from the date of injury, and the costs of this proceeding. Further, the Plaintiff request that the jury selected to hear this case render a verdict for the Plaintiff and against each Defendant, jointly and severally, including the fictitious party defendants, for punitive damages in an amount which will adequately reflect the enormity of Defendants' wrongful act(s) and which will effectively prevent other similar wrongful acts.

## COUNT II
### *Negligent and/or Wanton Entrustment*

19. Plaintiff re-alleges and incorporates by reference the material allegations in the above paragraphs as if fully set out in this Count.

20. On or about October 16, 2019, Defendant Averitt and/or one or more of the fictitious party defendants listed and described in the caption above, was/were the owner(s), lessor(s) and/or lessee(s) of, and/or had the right of control over the use of the motor vehicle driven by Defendant Eldridge.

21. On or about October 16, 2019, Defendant Averitt and/or one or more of the fictitious party defendants listed and described in the caption above, as owner(s), lessor(s) and/or

lessee(s), and/or controller(s) of said vehicle, negligently and/or wantonly entrusted said vehicle to Defendant Eldridge.

22. The aforesaid wrongful, negligent and/or wanton entrustment of each of the above-described defendants, including one or more of the fictitious party defendants listed and described in the caption above, combined and concurred, and as a proximate consequence thereof caused the Plaintiff's injuries and damages described herein.

WHEREFORE, the Plaintiff demands judgment against each Defendant, jointly and severally, including the fictitious party defendants, in a sum in excess of the jurisdictional limits of this court, to be determined by the jury, which will fairly and adequately compensate the Plaintiff for the injuries and damages sustained, together with interest from the date of injury, and the costs of this proceeding. Further, the Plaintiff requests that the jury selected to hear this case render a verdict for the Plaintiff and against each Defendant, jointly and severally, including the fictitious party defendants, for punitive damages in an amount which will adequately reflect the enormity of Defendants' wrongful act(s) and which will effectively prevent other similar wrongful acts.

## COUNT III
*Negligent and/or Wanton Hiring, Training, Supervision and/or Retention*

23. Plaintiff re-alleges and incorporates by reference the material allegations in the above paragraphs as if fully set out in this Count.

24. On or about October 16, 2019, Defendant Averitt and/or one or more of the fictitious party defendants listed and described in the caption above, was/were the owner(s) of, lessor(s) and/or lessee(s) of, and/or had the right of control over the use of the motor vehicle driven by Defendant Eldridge.

25. Defendant Averitt and/or one or more of the fictitious party defendants listed and described in the caption above, as the owner(s), lessor(s) and/or lessee(s), and/or controller(s) of

said vehicle, had the authority to hire, train, supervise and/or retain the drivers of motor vehicles operated by or on behalf of Defendant Averitt and/or one or more of the fictitious party defendants listed and described in the caption above.

26. On or about October 16, 2019, and for some time prior thereto, Defendant Averitt and/or one or more of the fictitious party defendants listed and described in the caption above, negligently and/or wantonly hired, trained, supervised and/or retained Defendant Eldridge and allowed him to operate the subject vehicle on October 16, 2019.

27. The aforesaid wrongful, negligent and/or wanton hiring, training, supervision and/or retention of each of the above-described defendants, including one or more of the fictitious party defendants listed and described in the caption above, combined and concurred, and as a proximate consequence thereof caused the Plaintiff's injuries and damages described herein.

WHEREFORE, the Plaintiff demands judgment against each Defendant, jointly and severally, including the fictitious party defendants, in a sum in excess of the jurisdictional limits of this court, to be determined by the jury, which will fairly and adequately compensate the Plaintiff for the injuries and damages sustained, together with interest from the date of injury, and the costs of this proceeding. Further, the Plaintiff requests that the jury selected to hear this case render a verdict for the Plaintiff and against each Defendant, jointly and severally, including the fictitious party defendants, for punitive damages in an amount which will adequately reflect the enormity of Defendants' wrongful act(s) and which will effectively prevent other similar wrongful acts.

Respectfully submitted,

*/s/ Michael E. Eldridge*
Michael E. Eldridge (ELD007)
*Counsel for the Plaintiff*

**OF COUNSEL:**

HOLLIS, WRIGHT & CLAY, P.C.
2201 Morris Avenue
Birmingham, AL 35203
Phone: 205-324-3600
Fax: 205-324-3636
michaele@hollis-wright.com

## JURY DEMAND

Plaintiff request a trial by struck jury on all issues allowable by law in this case.

/s/Michael E. Eldridge
OF COUNSEL

**SERVE DEFENDANT BY CERTIFIED MAIL AS FOLLOWS:**

**AVERITT EXPRESS DELIVERY, INC.**
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

**CHRISTOPHER ELDRIDGE**
4329 Bahia Drive
Zephyrhills, Florida 33541

/s/Michael E Eldridge
OF COUNSEL